Opinion of
the Court.
THIS was an action of debt founded on the following note:
“ Fairfax County, set. I, John Holley, of the state of Kentucky, in nine months after date, I promise and oblige myself, my heirs, executors, &c. to pay or cause to be paid, unto Henry S. Holley, of the county aforesaid, or to the heirs, &c. of the said Henry S. Holley, the just and full sum of five hundred and fifty dollars, current money of Virginia, it being for value received, with legal interest thereon; for the performance of which I bind myself, my heirs, &c. in the penal sum of ,$'1000 like money; as witness my hand and seal, this first day of October, in the year 1807.
(Signed) John Holley, (l. s.)”
Of this note oyer was craved and given, and the defendant below demurred, and the court below overruled that demurrer.
We discover no plausible ground for the demurrer, except that the plaintiff in his declaration, has not declared for the penalty, but for the sum really due, and takes no notice of the penal part; nor does he recite it in any part of his declaration. The only question then presented, is, can an action be brought for the real sum due, or must it be brought for the penalty?
This is not a bond with a condition to pay a lesser sum, hut a penal bill, containing direct and express stipulations to pay the lesser sum; and that reasoning must be technical indeed, that would prove the plaintiff could not declare for this stipulated sum and waive the *506 greater, which is inserted by way of security only; that he should not be allowed to go for the whole amount, which he can recover, and be compelled to demand and sue for a sum which he cannot recover, as the law now is. Anciently, on a bond with a condition, his recovery was of the penalty only; and to be relieved from it, and to compel the plaintiff to accept less, he must go into equity. Now, by statute, the judgment itself, at law, is entered, to be discharged by the payment of principal and interest. But even while the rigid rule prevailed, with regard to bonds with a penalty conditioned to pay a lesser sum, we have not been able to discover any case which compelled the plaintiff to go for the penalty in a penal bill. It is said that he may, on such a bill, declare for the payment of the money on a certain day, with a nomine pænæ for non-payment, and afterwards declare in the same declaration, for the nomine pænæ — 1 Morgan’s V. M. 213; Cro. Eliz. 771. This doctrine shows, that he might declare for one or the other or both, in the same declaration, and it may be considered as decisive of this question.
Where a note was executed in Virginia, in 1807, & judgment on a writ of inquiry for the debt in the declaration mentioned, & one cent damages: Held, that no judgment could be rendered for interest.
As the rate of interest, in this case, depended upon the laws of Virginia, which were matters of fact, proper to be proved before the jury on executing a writ of inquiry, the court of appeals is bound to presume that their verdict was justified by the evidence, or want of evidence, as to the rate of interest in Virginia.
The next error assigned, questions the judgment of the court as to interest. A jury, after the demurrer was overruled, was sworn to enquire of damages, who found one cent, and the court rendered the judgment for interest, after the rate of six per cent. per annum, until paid. This judgment conforms to the practice under our statutes, with regard to interest on domestic notes; but ought this note or obligation to be taken as one executed in Kentucky? If it cannot, could the court give judgment for interest as matter of law?
It is true, the plaintiff alleges that this note was executed in Fairfax county, to wit, at the circuit and county aforesaid; but the note itself not only expresses the county of Fairfax, and that the plaintiff is resident there, but it also calls for current money of Virginia. Although the currency of Virginia, when named in dollars, is, by the acts of Congress, the currency of every other state; yet the naming of Virginia, together with the naming of the county, seems to show that the note was executed there. We are bound judicially to know the laws of Virginia, of a general nature, which were in force at the time of the separation. Whether, however, we are bound to notice the laws of Virginia establishing a county, because it is of a local nature, is a *507 question of more doubt, and which we have not deemed it necessary now to decide; for certain it is, we are bound to notice the laws of this state establishing counties, and among them all, there is not one named Fairfax.
This is conclusive to show, that here was not the place of the execution of the note, and raises a very strong presumption, that Fairfax is in Virginia, the place named in the note. Thus we arrive at the same conclusion, of the local situation of Fairfax as matter of fact, as we might be compelled to adopt as matter of law; and we are satisfied that this must be taken as a contract executed in Fairfax county in Virginia.
The principle that the lex loci contractus must govern the contract itself, and, of course, that the law of that state must govern the rate of interest, as a matter of right, although the remedy is here, is too well known to admit of controversy; of course, the interest due on this, note, must be tested by the laws of Virginia regulating that subject, in force in 1807. These laws, if adopted since the separation, must be taken as matter of fact, to be proved on the trial, and by them the jury ought to have found the rate of interest, and the court could not, judicially, fix the rate, as it has done in this instance.
It may be said, that as we are bound to notice the laws of Virginia in force at the separation, and the law then regulating interest was five per cent. per annum, we ought to presume, that the same law was in force until its repeal was shown, and, therefore, that we ought in correcting this judgment, to direct it to be entered at the rate of five per cent. We have not thought it necessary to decide whether the premises are sound, from which this conclusion is drawn; for admitting that we ought to presume that the same laws are now in force in Virginia, which were at the separation, unless the contrary appears; yet we well know, that the plaintiff below was at liberty to show that the rate of interest had been increased, and the defendant that it had been reduced to nothing since that period, or in the year 1807; and we are not told what evidence was introduced on the inquiry of damages. Where a verdict is rendered for a cent in damages, on a note given here, we can easily decide that no evidence was given to increase or lessen the legal rate, because the law does not permit it; but in this case, the interest might have been con *508 trolled by the proof, although the presumption of five per cent. might exist. Put the case, that the defendant did destroy that presumption in this case, before the jury, and from the existence of the laws at the separation, we should direct a judgment for five per cent. we should do the defendant an irreparable injury. We must, therefore, in this case, indulge a presumption in favor of the inquiry of damages, which we are bound to do, in all cases where the extent in justice of the judgment depends upon proof of facts. They must be taken to be right, until the contrary appears.
It results, therefore, that this judgment ought to have been rendered for the debt and damages found by the jury.
Judgment reversed and directed to be entered for the debt and one cent in damages, without any interest.